IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUSTIN STEPHEN FERRIS                               PLAINTIFF

             v.            Civil No. 5:18-cv-05031

NURSE SHAWNA HALL, Southern                         DEFENDANT
Health Partners

## OPINION AND ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

The claims asserted in this case arose when Plaintiff was incarcerated in the Benton County Detention Center ("BCDC"). Specifically, Plaintiff contends his constitutional rights were violated when: (1) he was given the wrong medication by Nurse Hall; and (2) he was denied medical attention when the medication made him physically ill. Plaintiff has sued Nurse Hall in both her individual and official capacities.

On September 13, 2018, Nurse Hall filed a Motion for Summary Judgment (ECF No. 17). The following day, an Order (ECF No. 20) was entered directing Plaintiff to file a response to the Motion for Summary Judgment by October 5, 2018. Plaintiff was advised that failure to comply with the Court's Orders (ECF No. 20) would result in: (a) all of the facts set forth by the Defendant in the summary judgment papers being deemed admitted by Plaintiff, pursuant to Rule 56.1(c) of the Local Rules for the Eastern and Western Districts of Arkansas; and/or (b) shall subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2).

Although the local rules allow the Court to deem these facts as admitted when a plaintiff does not file a response specifically disputing those facts, the Eighth Circuit has stated:

[a] plaintiff's verified complaint is the equivalent of an affidavit for purposes of summary judgment, and a complaint signed and dated as true under penalty of perjury satisfies the requirement of a verified complaint, 28 U.S.C. § 1746. Although a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit in order to survive summary judgment motion.

*Roberson v. Hayti Police Dep't*, 241 F.3d 992, 994-995 (8th Cir. 2001). Therefore, the Court will "piece[] together [Plaintiff's] version of the facts from the verified complaint. . . ." *McClanahan v. Young*, No. 4:13-cv-04140, 2016 WL 520983, *1 (D.S.D. Feb. 5, 2016). Those portions of the Defendant's statement of material facts that do not conflict with [Plaintiff's verified complaint] are deemed admitted." (*Id*.).

## I. BACKGROUND

Plaintiff was booked into the BCDC on January 8, 2018. (ECF No. 19-1 at 1). Southern Health Partners, Inc., ("SHP") was under contract with Benton County to provide healthcare services to inmates housed at the BCDC. (*Id*). At all times relevant to this case, Nurse Hall was an employee of SHP. (*Id*).

On January 14, 2018, Plaintiff submitted a kiosk request to see the dentist and the doctor to get his medications. (ECF No. 19-2 at 2). On January 15, 2018, he was placed on the dentist list. (*Id.* at 4).

On January 18, 2018, Plaintiff underwent a medical screening where he indicated he had broken teeth that were causing him pain. (ECF No. 19-3 at 5). On January 24, 2018, Plaintiff was seen by the dentist, diagnosed with chronic abscesses, and multiple teeth were extracted. (ECF No. 19-2 at 7). Plaintiff was initially prescribed Clindamycin 800 mg, twice a day, and Motrin 800 mg, twice a day. (ECF No. 19-2 at 9). The order was revised that same day to Clindamycin 150 mg, twice a day, and Ibuprofen 800 mg, twice a day. (*Id*). According to the affidavit of Nurse Hall, on the evening of January 24, 2018, she gave Plaintiff Clindamycin 150

mg. and Ibuprofen 800 mg as prescribed. (ECF No. 19-1 at 2). The medication administration record also indicates these were the medications given Plaintiff on January 24, 2018. (ECF No. 19-2 at 10).

According to the allegations of the Complaint (ECF No. 1), during the evening medication pass on January 24, 2018, Nurse Hall[1] mistakenly gave the Plaintiff Jeffrey E. Fenwick's medications instead of his own. Plaintiff asserts that he became physically ill but was denied medical attention and was not told what medication he had been given. However, Plaintiff indicates he was given a benzodiazepine "and lost [his] sobriety date" as a result.

On January 25, 2018, Plaintiff submitted a kiosk entry stating: "last night at med pass I was given a bunch of pills to take by the nurse that were not ordered for me to take which I was not aware of until this morning I want to know what I took thank you." (ECF No. 19-1 at 2); (ECF No. 19-2 at 2). Nurse Heather Trimmer responded that the medications were from the dentist. (*Id*). Nurse Trimmer asked if Plaintiff would like to stop the medications. (*Id*). Plaintiff indicated he would like to continue them. (*Id*).

In a note submitted later that day, Plaintiff stated: "I just want to know what I was given last night at med pass because that was my original question. I feel like y'all gave me the wrong meds and now you are trying to cover your tracks. I will take legal action if I must." (ECF No. 19-2 at 2). On February 4, 2018, Plaintiff submitted a kiosk entry that said: "I'm filing out a 1983 form due to the wrong meds being given to me on 01-24-18 they were given to me by nurse "chastity." (*Id*. at 3).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In this case, the

---

[1] Defendant is referred to as Nurse Chastity in the Complaint.

facts set forth by the Defendant are deemed admitted except to the extent they conflict with the verified complaint. The question is whether given the facts as admitted, there are genuine issues of material fact as to whether Plaintiff's constitutional rights were violated.

### III. DISCUSSION

Nurse Hall contends she is entitled to summary judgment in her favor because: (1) she was not deliberately indifferent to Plaintiff's serious medical needs; (2) the facts alleged by Plaintiff do not rise to the level of a constitutional violation; and (3) no policy or custom of SHP was unconstitutional or exhibited deliberate indifferent to Plaintiff's medical needs.

**(A). Medical Care in General**

The Eighth Amendment's cruel and unusual punishment clause prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge Cty.*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Nurse Hall acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

"Whether an official was deliberately indifferent requires both an objective and a subjective analysis." *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014)(citation omitted). The objective prong requires the Plaintiff to "establish he suffered from an objectively serious medical need. Under the subjective prong, Plaintiff must show that an official 'actually knew of but deliberately disregarded his serious medical need.'" *Id.* (citation omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal citation omitted). "The subjective inquiry must show

a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Gordon ex rel. Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate' s needs by administering inadequate treatment." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citations omitted).

**(B). Medication Administration**

The Court will assume for the purposes of this Motion that the Plaintiff was given the wrong medication on January 24, 2018, by Nurse Hall as alleged in his verified complaint. Being given the wrong medication on only one occasion, at most constitutes negligence. *See e.g., Spann v. Roper*, 453 F.3d 1007, 1008 (8th Cir. 2006)(" Nurse Bell did not exhibit deliberate indifference by forcing Spann to take another inmate' s medication because it is undisputed this was a mistake"); *McClain v. Howard*, 2015 WL 6123063, *9 (W.D. Ark. Sept. 21, 2015) (giving an inmate the wrong medication on a single occasion at most supports a finding that the officer was negligent). The law is well settled that to establish deliberate indifference, Plaintiff must show more than negligence or even gross negligence to establish a constitutional violation for denial of medical care. *See Popoalii*, 512 F.3d at 499. Nurse Hall is entitled to summary judgment on this claim.

**(C). Denial of Medical Care**

Plaintiff also alleges in the verified Complaint that he became physically ill following the administration of the wrong medication and was denied medical attention. However, the medical request he submitted the following morning, January 25, 2018, makes no mention of his becoming physically ill. (ECF No. 19-2 at 2). In fact, Plaintiff states that he was not even aware that he had been given pills "not ordered" for him "until th[at] morning." (*Id*). After being told the medication

was ordered by the dentist, Plaintiff stated he wanted to continue the medication. (*Id*). None of Plaintiff's medical requests mention becoming physically ill or being denied medical attention. Given that his allegations in the verified complaint are belied by the medical requests Plaintiff submitted at the time he was allegedly given the wrong medication, no reasonable juror would find in favor of the Plaintiff. Nurse Hall is entitled to summary judgment on this claim.

**(D). Official Capacity Liability**

An official capacity claim against defendant is the equivalent of a claim against the municipal entity who employs them, here SHP/Benton County. *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998). Plaintiff made no allegations in the verified complaint that a custom or policy of SHP/Benton County was the moving force behind the alleged constitutional violations. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978). No official capacity claim has been stated.

## IV. CONCLUSION

For the reasons stated, Nurse Hall's Motion for Summary Judgment (ECF No. 17) is **GRANTED and this case DISMISSED WITH PREJUDICE.** A separate judgment will be entered this same day.

IT IS SO ORDERED this 6th day of February 2019.

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE